

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF NEW YORK

Emanuel Alonzo Mezquita-Cabrera,
    Petitioner/Defendant

v.

| Case No. #22 CR 00306 (KMK)
Hon. Judge Karas, USDJ

United States of America,
    Respondent
_____/

## MOTION FOR REDUCTION IN SENTENCE
## PURSUANT TO 18 USC §3582(c)(2)

    NOW COMES Emanuel Alonzo Mezquita-Cabrera ("Petitioner" or "Mr. Mezquita-Cabrera"), acting pro-se and submits this Motion for Reduction in Sentence (RIS) pursuant to the provisions of 18 USC §3582(c)(2) and based on the United States Sentencing Commission's Criminal History Amendment 821 - Part B as relating to "zero criminal history." Petitioner requests fair consideration for relief as the Guideline Amendment affects his applicable guideline range and the 3553(a) factors weigh in favor of such relief.

### I. JURISDICTION

    This Court has jurisdiction to reduce a sentence under Section 3582(c)(2) "after considering the factors set forth in 18 USC §3553(a)" "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 USC §3582(c)(2).

    Under United States Sentencing Guideline (USSG) §4C1.1, a new Criminal History Category Zero (0) is created and allows for a two-level reduction to the offense level of individuals who meet the required criteria:

1. No criminal history points
2. No adjustment under 3A1.4 (terrorism)
3. No use or credible threats of violence in connection with the offense
4. The offense did not result in death or serious bodily injury
5. The offense is not a sex offense
6. The defendant did not personally cause substantial financial hardship
7. The defendant did not possess, receive, purchase, transport, transfer sell, or dispense of a firearm or other dangerous weapon in connection with the offense
8. The instant offense is not covered under 2H1.1 (Offenses Involving Individual Rights)
9. The defendant did not receive an adjustment under 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or 3A1.5 (Serious Human Rights Offense); and
10. The defendant did not receive an adjustment for aggravating role (3B1.1) and was not engaged in a continuing criminal enterprise under 21 USC 484

See USSG §4C1.1

On November 1, 2023, the Sentencing Commission retroactively amended the Sentencing Guidelines, giving this Court jurisdiction to hear a motion brought by defendants like Mr. Mezquita-Cabrera who satisfy the criteria of the amended Section 4C1.1.

II. RETROACTIVE APPLICABILITY TO PETITIONER MEZQUITA-CABRERA

Petitioner Mezquita-Cabrera was convicted in the United States District Court for the Southern District of New York of a Narcotics Conspiracy in violation of 21 USC Section 846 and 21 USC Section 841(B)(1)(B). At time of sentencing, Mr. Mezquita-Cabrera had an offense level of 29 under Criminal History Category I, yielding an applicable Guideline Range of 87-108 months with a minimum mandatory 60 months' imprisonment. On November 2, 2022, the Honorable Judge Karas imposed a below-guidelines sentence of 72 months.

With the retroactive application of the guideline amendment, Petitioner would now have an Offense Level of 27 under the new Criminal History Category 0, with an amended range of 70-87 months. He respectfully requests an appropriate reduction in sentence at the Court's discretion and in consideration of the

factors described herein.

III. 3553(a) AND POST SENTENCING CONDUCT

When evaluating for reduction in sentence under 18 USC Section 3582(c)(2), a court is to consider the 18 USC Section 3553(a) factors to the extent they are applicable, in addition to weighing public safety concerns and post-sentencing conduct.

Petitioner Mezquita-Cabrera has served almost two and a half (2½) years, 41% of his statutory term (35% full term) completed to date. His Projected Release Date is October 10, 2026 via Good Conduct Time (GCT) (which does not include First Step Act Time Credits).[1] Despite having only four (4)/MINIMUM security points, Petitioner's Alien status (Immigration Hearing Participant) precludes his transition to a Camp facility.

As a non-violent drug-based offender who is approaching age 40, Petitioner poses no risk to any individual or community. The Bureau of Prisons (BOP) has determined that Mr. Mezquita-Cabrera is a LOW risk of recidivism via its PATTERN (Prisoner Assessment Tool Targeting Estimated Risk and Needs) system. This tool was designed pursuant to the First Step Act of 2018 (FSA) to measure likelihood of a BOP inmate engaging in serious misconduct post-release. Petitioner scores a LOW in both general (21) and violent (12) risk (Exhibit __A__; PATTERN/FSA Assessment).

Petitioner continues to decrease risk levels through his participation in various Adult Continuing Education (ACE) programs, Health/Wellness courses and is waitlisted for others such as Criminal Thinking, MoneySmart, Occupational

---

1. Mr. Mezquita-Cabrera has earned approximately 80 days of Earned Time Credits (ETCs) toward earlier release to supervision through First Step Act programming. Although up to 365 credit days can be earned and applied to early release, these credits are subject to disallowance upon issuance of a Final Order of Deportation.

3

Education, and Spanish-lanugage drug education (Petitioner is not eligible for Court recommended RDAP, however, because of his immigration status). (See Exhibit __B__; Program Transcripts).

Additionally, Mr. Mezquita-Cabrera has completed his Inmate Financial Responsibility Program (IFRP) payments to meet his Court ordered restitution obligations. He is employed as an Orderly in the Gregg B housing unit at the LSCI Allenwood facility, where he is tasked with maintaining a high level of cleanliness and sanitation.

Petitioner has made personal betterment a priority and is eager to resume his role as provider for his family, which includes a 6 year-old daughter who struggles in his absence.

A reduction in sentence in this instance would in no way undermine the goals of sentencing nor diminish the severity of the offense conduct.

IV. CONCLUSION

For the above stated reasons, Petitioner Emanuel Alonzo Mezquita-Cabrera humbly requests the Court GRANT his request for a reduction in sentence, and to any further relief the Court deems proper and necessary in the interest of Justice.

Date: 2-4-24

Respectfully Submitted,

_/s/_

Emanuel Alonzo Mezquita-Cabrera
Pro Se
Inmate No. #62474-509
FCC Allenwood Low
PO Box 1000
White Deer PA 17887

Application for sentence reduction, pursuant to 18 U.S.C. Section 3582(c) and Amendment 821, is granted. As the Government acknowledges, (Doc # 62), Mezquita-Cabrera is eligible for a sentence reduction given his lack of criminal history. See U.S.S.G. Section 4C1.1. Specifically, because Mr. Mezquita-Cabrera receives a two-level reduction for having no criminal history points, the final offense level is now 27, and the criminal history category remains at I. This results in an amended advisory Guidelines range of 70 to 87 months' imprisonment. This is a reduction from the previously applicable range of 87 to 108 months' imprisonment. After determining whether a defendant is eligible for a reduction, courts are then to apply the Section 3553(a) factors to determine whether and to what extent a sentence reduction is appropriate. However, except for a a circumstance inapplicable here, a court may not impose a sentence below the low end of the revised Guidelines range. See U.S.S.G. § 1B1.10(b)(2)(A).

Here, the Court finds that application of the Section 3553(a) factors justifies a reduction in the sentence. Mr. Mezquita-Cabrera has engaged in extensive post-sentence rehabilitation efforts, including a number of programs and employment. Therefore, sentence is reduced to 70 months' imprisonment, which is the low end of the revised Guidelines range. All other components (supervised release, special assessment, etc.) remain unchanged.

So Ordered /s/   3/21/24

Emanuel Alonzo Mezquita-Cabrera
Fed. Reg. No. 46247-509
Allenwood LOW SCI
Correctional Unit
P.O. Box 1000
White Deer, PA 17887

United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601
United States

RECEIVED
FEB 07 2024
SDNY WP

U.S. POSTAGE PAID
FCM LG ENV
WHITE DEER, PA 17887
FEB 05, 2024
$0.00
R2305K136853-08